## McMillan & Campbell vs. Archibald Savage.

The jurisdiction of the Circuit Court by the Constitution embraces all matters, civil and criminal, and therefore extends to and embraces a suit on a note for forty dollars.

This is an application for a *mandamus* to the Circuit Court of the Western circuit.

The facts fully appear in the opinion of the court.

*D. P. Holland*, for the application.

*T. J. Eppes, contra.*

BALTZELL, C. J., delivered the opinion of the court.

This is an application to cause a suit instituted for the recovery of forty dollars, due by promissory note, to be reinstate by the Circuit Court.

It was dismissed, on account of the smallness of the sum, for the want of jurisdiction.

The Constitution of the State regulates the matter, and to it we must look as the guide for the determination of the question.

"The Circuit Court shall have original jurisdiction in all matters, civil and criminal, within this State not otherwise excepted in this Constitution."—Art. 5, sec. 6, Constitution.

This provision, it is admitted, embraces the case of the plaintiff, unless it is excluded by the exception, and it is insisted that the tenth clause of the same article, which declares " that justices of the peace shall possess such jurisdiction as may be provided by law," (Con., art. 5, sec. 10,) makes it. Not that this of itself has that effect, but that it has in connection with an act of the Legislature of 1842 giving to justices of the peace *exclusive jurisdiction* in suits for the collection of debts where the principal does not exceed the sum of fifty dollars.

It is sufficient to say that the exception to abridge the jurisdiction of the Circuit Court must be by the Constitution. To do this, and by this means to effect a repeal of a constitutional provision, there must be an express and direct declaration of the constitutional will. The grant of power to one tribunal does not necessarily exclude the possession of it by another. The clause granting the juris-

diction confers it *in all matters*. An exception to take this away should be clear and manifest, and not the result of mere implication.

Whilst considering this view conclusive, we find ourselves sustained by the action of the constitutional convention on the very clause under consideration. As originally proposed to that body, the clause contained, in addition to its provisions, these words : "*But in civil cases only where the matter in controversy exceeds twenty dollars.*" On motion they were stricken out so as to relieve the provision of this limitation. There could have been but one design on the part of the Convention in this action, and this was not to abridge or limit the jurisdiction of the Circuit Courts in this respect.

The cause will then be reinstated on the docket of the Circuit Court.

It has not been the practice of the court to award a *mandamus*, conceiving that the intimation of the opinion of this court on the point would be sufficient to influence their action without the formal award of the writ.